

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00098-CR

Isaac **CARDENAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR10269
Honorable Kevin M. O'Connell, Judge Presiding

Opinion by:    Lori I. Valenzuela, Justice

Sitting:        Patricia O. Alvarez, Justice
               Liza A. Rodriguez, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: April 27, 2022

AFFIRMED, MOTION TO WITHDRAW GRANTED

A jury convicted appellant, Isaac Andrew Cardenas, of two counts of super-aggravated sexual assault of a child. The trial court sentenced him to life on each count, with the sentences to run concurrently.[1] Cardenas later filed a motion for forensic testing pursuant to Texas Code of Criminal Procedure article 64. In his motion, he stated:

---

[1] Cardenas appealed, asserting the trial court erred by overruling his motion for directed verdict and overruling his objection to a video and images of the victim in the hospital. On October 30, 2019, this court issued an opinion affirming the trial court's judgment. *Cardenas v. State*, No. 04-18-00840-CR, 2019 WL 5580259 (Tex. App.—San Antonio Oct. 30, 2019, pet. ref'd) (mem. op., not designated for publication). In 2020, after the Texas Court of Criminal Appeals refused his petition for discretionary review, the United States Supreme Court denied certiorari.

Defendant seeks examination by a Forensic Odontologist of the bite marks left on the victim. These bite marks are represented in *color photos* in the medical records (Exhibits 115, 116, and/or 117). The *photos* of the bite marks were secured by law enforcement in relation to the above offense and *have NOT been subjected to examination* by a Forensic Odontologist or other expert. [Emphasis added.]

In his affidavit attached to the motion, Cardenas stated: "It is my understanding that the State secured *photographs* of these bite marks in relation to the above offense. It is also my understanding that *this evidence* was not previously subject to expert examination." [Emphasis added.] The trial court denied the motion, stating "[u]nder statute, photographs are not biological material."[2] This appeal ensued.

The court-appointed appellate attorney for Cardenas filed a motion to withdraw and a brief in which he concludes this appeal is frivolous and without merit. The brief demonstrates a professional and thorough evaluation of the record and meets the requirements of *Anders v. California*, 87 S. Ct. 1396 (1967) and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel sent copies of the brief and motion to withdraw to Cardenas and informed him of his rights in compliance with the requirements of *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014). This court provided a copy of the appellate record to Cardenas and notified him of the deadline to file a pro se brief. He did not file a pro se brief. *See also Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.) (per curiam); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). We have thoroughly reviewed the record and counsel's brief. We find no arguable grounds for appeal exist and have decided the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We therefore grant the motion to withdraw filed by appointed counsel and affirm the trial court's judgment. *See id.*; *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

---

[2] The trial court did not conduct a hearing on the motion and the clerk's record does not indicate whether the State filed a response to the motion.

No substitute counsel will be appointed. Should Cardenas wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Court of Criminal Appeals. *See id.* 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.*

Lori I. Valenzuela, Justice

Do not publish